March 19, 2007

The Honorable Susan Combs
Texas Comptroller of Public Accounts
Post Office Box 13528
Austin, Texas 78711-3528

Opinion No. GA-0531

Re: Application of section 103.001(b) of the
Texas Civil Practice and Remedies Code to a
claim filed by one of the Tulia defendants
(RQ-0523-GA)

Dear Comptroller Combs:

Your predecessor in office requested an opinion on the interpretation of Texas Civil Practice
and Remedies Code, section 103.001(b).[1] Chapter 103 of the Civil Practice and Remedies Code
provides for compensation to persons who have been wrongfully imprisoned. *See* TEX. CIV. PRAC.
& REM. CODE ANN. ch. 103 (Vernon 2005). Claims for compensation are filed with the
Comptroller's judiciary section. *See id.* § 103.051(a). Section 103.001(a) states the criteria for
entitlement to compensation for wrongful imprisonment while section 103.001(b) provides the
following restriction on entitlement to compensation under section 103.001(a):

> (b) A person is not entitled to compensation under
> Subsection (a) for any part of a sentence in prison during which the
> person was also serving a concurrent sentence for another crime to
> which Subsection (a) does not apply.

*Id.* § 103.001.

The question about section 103.001(b) arose in connection with a wrongful imprisonment
compensation claim filed by a Tulia defendant. The request letter recited the well-publicized facts
of the Tulia prosecutions:

> In July 1999, 46 individuals, nearly all African Americans, were
> arrested in Tulia by a local drug task force and charged with the sale
> of small amounts of cocaine. Most of those charged were either

---

[1]Letter from Honorable Carole Keeton Strayhorn, Comptroller of Public Accounts, to Honorable Greg Abbott,
Attorney General of Texas, at 1 (Aug. 15, 2006) (on file with the Opinion Committee, *also available at*
http://www.oag.state.tx.us) [hereinafter Request Letter].

> convicted in the 242nd District Court of Swisher County or entered into plea bargains to avoid the risk of a certain conviction. . . .
>
> Following a state investigation and an investigation of the undercover agent involved in the arrests, the arrests and convictions were discredited. In August 2003, the Governor pardoned 35 of the individuals who had been convicted.

Request Letter, *supra* note 1, at 1.

The Comptroller received a claim for compensation under chapter 103 from a Tulia defendant who was among those pardoned by the Governor. *See id.* At the time of the Tulia prosecutions, this individual had a previous conviction for an unrelated felony offense in Potter County involving possession of a controlled substance. *See id.* at 2. The individual had been granted probation for the Potter County offense and thus was not serving a sentence in prison prior to the Tulia prosecutions. Solely because of the Tulia arrest and conviction, his probation for the Potter County offense was revoked. *Id.* As a result, this individual served time in prison for the unrelated drug offense in Potter County concurrently with the time served in prison for the Tulia conviction. *Id.* The request letter pointed out that these facts raise an issue under section 103.001(b) of the Civil Practice and Remedies Code, which provides that a person is not entitled to compensation "for any part of a sentence in prison during which the person was also serving a concurrent sentence for another crime to which Subsection (a) does not apply." TEX. CIV. PRAC. & REM. CODE ANN. § 103.001(b) (Vernon 2005). Your predecessor also stated that claims of similarly situated Tulia defendants would soon be filed, and asked whether she might approve a claim for compensation under chapter 103, Civil Practice and Remedies Code, "where there is a complete concurrency between the sentence for the wrongful imprisonment and for an unrelated offense if the concurrency occurred solely because of the wrongful imprisonment." Request Letter, *supra* note 1, at 2.

The task before us is to determine the meaning of section 103.001(b). The primary objective in construing a statute is to ascertain and give effect to the Legislature's intent. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004); *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). In discerning the Legislature's intent, the courts begin with the "plain and common meaning of the statute's words." *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). If the statutory language is unambiguous, we must interpret it according to its terms. *See McIntyre*, 109 S.W.3d at 745. We follow these rules of statutory construction in addressing the meaning of section 103.001.

Section 103.001(a) provides that a person is entitled to compensation if:

> (1) the person has served in whole or in part a sentence in prison under the laws of this state; and
>
> (2) the person:

> (A)  has received a full pardon on the basis of innocence
> for the crime for which the person was sentenced . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 103.001(a) (Vernon 2005).  There appears to be no dispute that section 103.001(a) by itself applies to the Tulia defendant at issue:  he "served in whole or in part a sentence in prison under the laws of this state" and "received a full pardon on the basis of innocence" for the Tulia conviction.  *See id.*; Request Letter, *supra* note 1, at 1.  However, under section 103.001(b), a defendant who serves a concurrent sentence in prison for an unrelated crime is not entitled to compensation if section 103.001(a) does not also apply to that concurrent sentence. TEX. CIV. PRAC. & REM. CODE ANN. § 103.001(b) (Vernon 2005).  Because the Tulia defendant served "a sentence in prison" for the unrelated crime, the determinative issue is whether the full pardon was for "the crime *for which*" the defendant served the concurrent sentence.  *See id.* § 103.001(a) (emphasis added).

The plain and common meaning of the word "for" in this context is "because of."  *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 488 (11th ed. 2003).  While it is true that the concurrent sentence in prison was served because of the unrelated crime, it is equally true that such sentence was served because of the Tulia crime.  And even though the pardon was applicable directly to, and only to, the Tulia crime, it was applicable to both prison sentences.  Thus, in accordance with section 103.001(a), the defendant "received a full pardon on the basis of innocence for the crime for which" *both* prison sentences were served.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 103.001(a) (Vernon 2005).  In sum, but for the wrongful Tulia conviction the defendant would not have served the concurrent prison sentence, and thus subsection (a)(2)(A) applies to the concurrent sentence, and thus subsection (b) does not eliminate the defendant's entitlement to compensation for the Tulia sentence.[2]

Accordingly, the Comptroller may approve a claim for compensation under chapter 103 of the Civil Practice and Remedies Code where there is a concurrency between the prison sentences for the wrongful imprisonment and for an unrelated offense if the concurrent sentence was served solely because of the wrongful conviction.

---

[2]Note that any such "but-for" analysis would not include a *crime* that would not have been committed but for the conviction (e.g., assault committed by the defendant while in prison for the pardoned crime).  A sentence for such a crime is not served "because of" the pardoned conviction.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 103.001(a)(2) (Vernon 2005).

### S U M M A R Y

Chapter 103 of the Civil Practice and Remedies Code authorizes the Comptroller of Public Accounts to approve a claim for compensation for wrongful imprisonment where the sentence for the wrongful imprisonment was served concurrently with a sentence for an unrelated offense that was served in prison solely because of the wrongful conviction.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee